IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| OTEY LANE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:15-cv-595-GMB |
| | ) | (WO – Do Not Publish) |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security (the "Commissioner"). Doc. 10.  The Commissioner contends that the complaint filed by Plaintiff Otey Lane Johnson ("Johnson") is due to be dismissed because it was not timely filed.  On November 16, 2015, the court entered an order directing Johnson to show cause why the Commissioner's motion should not be granted. Doc. 11.  Johnson, who is represented by counsel, did not respond to the court's show cause order, and the deadline to respond has passed.  Accordingly, after a thorough review of the complaint, the Commissioner's unopposed motion, and the relevant law, the court finds that the Commissioner's motion (Doc. 10) is due to be GRANTED.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and Local Rule 73.1 of the Middle District of Alabama's Local Rules, the parties have consented to the undersigned United States Magistrate Judge conducting all proceedings and ordering the entry of a final judgment in this case. Docs. 12 & 13.

## I.  STANDARD OF REVIEW

Arguing that Johnson's complaint is time-barred, the Commissioner seeks to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, or in the alternative for a summary judgment in the Commissioner's favor pursuant to Rule 56 of the Federal Rules of Civil Procedure.

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  Matters outside the pleadings have been presented and considered by the court—specifically, the Declaration of Patrick J. Herbst (Doc. 10-1), the Notice of Decision−Unfavorable (Doc. 10-2), and the Notice of Appeals Council Action (Doc. 10-3).  Thus, the court will treat the Commissioner's motion as one for summary judgment rather than as a motion to dismiss.[2]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  However, "if the evidence is such that a reasonable jury could return

---

[2] Because the Commissioner's motion was made, from the outset, as an alternative motion for summary judgment, there is no question that the parties have already been on notice that the court may treat the motion as one for summary judgment.  The parties are also represented by counsel who "can be presumed to appreciate the need to file affidavits or other responsive materials and of the consequences of default." *Howell v. Dep't of the Army*, 975 F. Supp. 1293, 1297 (M.D. Ala. 1997) (internal quotations omitted).  "Additional or special protective notice is therefore not required before the court may proceed to treat the motion as one for summary judgment." *Id.*

a verdict for the nonmoving party," summary judgment would be inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.  FACTS

On March 5, 2014, an administrative law judge ("ALJ") issued a decision denying Johnson's claims for a period of disability and for disability insurance benefits. Doc. 10-2. Johnson requested review of the ALJ's decision by the Appeals Council, and that request was denied on June 8, 2015. Doc. 10-3.  The Appeals Council's denial letter informed Johnson that there was "no reason under our rules to review" the ALJ's decision and that the ALJ's decision "is the final decision of the Commissioner of Social Security in your case." Doc. 10-3.  In a section entitled "Time to File a Civil Action," the Appeals Council's letter further informed Johnson:

- You have 60 days to file a civil action (ask for court review) [of the ALJ's decision].

- The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.  You must have a good reason for waiting more than 60 days to ask for court review.  You must make the request in writing and give your reason(s) in the request.

Doc. 10-3.[3]  It is undisputed that Johnson did not request an extension of time to file a civil action from the Appeals Council. Doc. 10-1.

---

[3] Both the ALJ's decision and the Appeals Council's denial letter were mailed to Johnson and his non-attorney representative. Docs. 10-2 & 10-3.  There is no evidence before the court indicating that these letters were not received by Johnson.

Combining sixty days with the presumed five days for receipt of the Appeals Council's denial letter, the deadline for Johnson to file a civil action in this court was August 12, 2015.  Johnson filed his complaint on August 14, 2015. Doc. 1.

### III.  DISCUSSION

A lengthy discussion addressing the merits of the Commissioner's motion is not necessary, as there is no dispute that Johnson did not timely file his claims in this court. "Congress provided that disappointed [Social Security] claimants must file suit in district court within sixty days (unless extended by the Secretary) in order to obtain judicial review." *Stone v. Heckler*, 778 F.2d 645, 649 (11th Cir. 1985).  The date of receipt is presumed to be five days after the date of the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c).  "The 60-day time limit is strictly enforced and claims filed even one day beyond the deadline have been dismissed as untimely." *Madry v. Colvin*, No. 8:13-cv-312-T-23-DNF, 2013 WL 5408088, at *3 (M.D. Fla. Sept. 25, 2013) (internal quotations omitted).

The ALJ's decision in Johnson's case was made on March 5, 2014, and the Appeals Council denied review of that decision on June 8, 2015, making the ALJ's decision final. Docs. 10-2 & 10-3.  There is no evidence that Johnson requested an extension of his deadline to file a civil action from the Appeals Council. Doc. 10-1.  Nor did Johnson present any arguments that his filing deadline should be equitably tolled.[4]  As a result,

---

[4] "The United States Supreme Court has concluded that the 60-day requirement set out in § 405(g) is not jurisdictional, but rather is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling." *Jackson v. Astrue*, No. CA 07-0775-WS-C, 2008 WL 906573, at *2 (S.D. Ala. Apr. 1, 2008) (citing *Bowen v. City of New York*, 476 U.S. 467, 478−80 (1986)).

4

Johnson had sixty-five days from June 8, 2015—or until August 12, 2015—to file the instant action. Because Johnson did not file his complaint until August 14, 2015, his claims are untimely and must be dismissed. *See Madry*, 2013 WL 5408088 at *3−4 (dismissing a social security appeal filed in district court one day past the deadline because "Plaintiff did not file his Complaint within the 60 plus 5 day mailing time period, failed to request an extension of time, and failed to present any arguments as to equitable tolling"); *see also Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581 (11th Cir. 2012).

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED that Defendant Carolyn W. Colvin's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 10) is GRANTED, and Plaintiff Otey Lane Johnson's complaint is DISMISSED WITH PREJUDICE.

A separate final judgment will be issued in accordance with this Memorandum Opinion and Order.

DONE this 12th day of January, 2016.

                                              /s/ Gray M. Borden
                                  UNITED STATES MAGISTRATE JUDGE